**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | No. 1:20-cv-01284 <br><br> Hon. Lewis J. Liman <br><br> <u>CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u> |

LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. The parties do <u>not</u> consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties <u>have</u> conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties <u>have</u> engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than <u>30 days after entry of the Court's Order concerning Defendant's Motion to Dismiss filed on April 28, 2020 [ECF No. 9] (the "Motion to Dismiss")</u>.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be served no later than <u>14 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

6. All fact discovery shall be completed within <u>120 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

**NOTE ON COVID-19 EMERGENCY PROCEDURES:**
Until further notice, and pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This does not dispense with the requirements set forth in

Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Nothing in the above-mentioned rule prevents parties from seeking to modify any pretrial schedule in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking such relief, the parties must, as always, attempt to meet and confer (via remote means) in a good faith effort to reach agreement.

**Parties are instructed to consult the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases for additional guidance on procedures in place at this time.**

    a. Initial requests for production of documents shall be served <u>within 30 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served <u>within 30 days after entry of the Court's Order concerning the Motion to Dismiss</u>. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d. Depositions shall be completed within <u>120 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

    e. Requests to Admit shall be served no later than <u>60 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

8. All expert discovery, including disclosures, reports, production of underlying documents, and deposition shall be completed within <u>165 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

9. All discovery shall be completed no later than <u>165 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

11. A post-discovery status conference shall be held on: _____ at _____.

12. Any motion for summary judgment must be filed no later than <u>179 days after entry of the Court's Order concerning the Motion to Dismiss</u>.

13. This case <u>is</u> to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is <u>between one and three days</u>.

15. Counsel for the parties proposed the following alternative dispute resolution mechanism for this case:

    a. __X__ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program.

    c. _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Ruel of Civil Procedure 26(f)(3) are set forth below.

    None at this time, though the Parties may address additional issues, if necessary, depending on the Court's decision on the Motion to dismiss. If the case proceeds into discovery, the Parties anticipate that they will agree to a form of confidentiality order, which they will submit for the Court's consideration.

Counsel for the Parties:

__/s/_____  
Johnson M. Tyler  
BROOKLYN LEGAL SERVICES  
105 Court Street  
Brooklyn, NY 11201  
T: (718) 237-5548  
E: jtyler@lsnyc.org  

*Attorney for Plaintiff, Miguel Rivera*

__/s/ Lijue T. Philip, LP0326_____  
Eric M. Hurwitz  
Lijue T. Philip  
STRADLEY RONON STEVENS & YOUNG, LLP  
A LIMITED LIABILITY LAW PARTNERSHIP LLP  
100 Park Avenue, Suite 2000  
New York, NY 10017  
T: (212) 812-4124  
E: ehurwitz@stradley.com;  
  lphilip@stradley.com  

*Attorneys for Defendant, Navient Solutions, LLC*

DATED: _____  
    New York, New York

_____  
**THE HONORABLE LEWIS J. LIMAN**  
**UNITED STATES DISTRICT JUDGE**