UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL RIVERA,<br><br>    Plaintiff,<br><br>  v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | No. 1:20-cv-01284<br><br>Hon. Lewis J. Liman |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION OF DEFENDANT,
NAVIENT SOLUTIONS, LLC, TO DISMISS PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................1

    A.    Plaintiff's negligent misrepresentation claim fails.. ..............................................1

        1.    There was no special relationship between Plaintiff and NSL. ...................1

        2.    NSL made no false representations, much less any on which Plaintiff reasonably relied. ........................................................................3

    B.    Plaintiff's § 349 claim for damages fails because, taken as a whole, NSL's written and oral representations to Plaintiff were not deceptive .............................4

        1.    Plaintiff asks the Court to abandon the entire-mosaic approach when it suits him. ...........................................................................................4

        2.    Plaintiff's remaining arguments fail to save his § 349 claim .......................7

    C.    Plaintiff is not entitled to an injunction ................................................................8

        1.    Federal pleading standards apply to Plaintiff's injunction claim.................8

        2.    Nothing about § 349 allows Plaintiff to receive an injunction without showing that he is at risk of future injury. .....................................9

        3.    Plaintiff's injunction claim is ripe for dismissal. .......................................12

III. CONCLUSION ...........................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Ackerman v. Coca–Cola Co.*,
 No. 09-cv-395, 2013 WL 7044866 (E.D.N.Y., July 18, 2013) .......................................... 10-11

*Albert v. Blue Diamond Growers*,
 151 F.Supp.3d 412 (S.D.N.Y. 2015) ..................................................................................... 11

*Barkley v. United Homes, LLC*,
 848 F.Supp.2d 248 (E.D.N.Y. 2012) ................................................................................ 11-12

*Belfiore v. Procter & Gamble Co.*,
 94 F.Supp.3d 440 (E.D.N.Y. 2015) ................................................................................. 10-11

*Buonasera v. Honest Co.*,
 208 F.Supp.3d 555 (S.D.N.Y. 2016) ..................................................................................... 11

*Carr v. DeVos*,
 369 F.Supp.3d 554 (S.D.N.Y. 2019) ................................................................................ 13-14

*Cohen v. J.P. Morgan Chase & Co.*,
 498 F.3d 111 (2d Cir. 2007) ................................................................................................ 7-8

*Colella v. Atkins Nutritionals, Inc.*,
 348 F.Supp.3d 120 (E.D.N.Y. 2018) ..................................................................................... 13

*Davis v. Hain Celestial Group, Inc.*,
 297 F.Supp.3d 327 (E.D.N.Y. 2018) ........................................................................... 4, 10-11

*eBay v. MercExchange, L.L.C.*,
 547 U.S. 388 (2006) ................................................................................................. 8-9, 12-13

*Federal Crop Ins. Corp. v. Merrill*,
 332 U.S. 380 (1947) ................................................................................................................ 4

*Genna v. Sallie Mae, Inc.*,
 No. 11-cv-7371 (LBS), 2012 WL 1339482 (S.D.N.Y., Apr. 17, 2012) ................................... 2

*Hyland v. Navient Corporation*,
 No. 18-cv-9031 (DLC), 2019 WL 2918238 (S.D.N.Y., July 8, 2019) ................................. 1-3

*Koch v. Greenberg*,
 14 F.Supp.3d 247 (S.D.N.Y. 2014) .......................................................................... 9, 12-13

*Kommer v. Bayer Consumer Health*,
   252 F.Supp.3d 304 (S.D.N.Y. 2017)........................................................................................13

*M.V.B. Collision, Inc. v. Allstate Ins. Co.*,
   No. 07-cv-0187 (JFB) (JO), 2007 WL 2288046 (E.D.N.Y., Aug. 8, 2007) ............................14

*Mancuso v. RFA Brands, LLC*,
   No. 18-cv-6807L, 2020 WL 1846982 (W.D.N.Y., Apr. 13, 2020) .........................................12

*Minner v. Navient Corporation*,
   No. 18-cv-1086S, 2020 WL 906628 (W.D.N.Y. 2020)..........................................................2, 7

*Negrin v. Norwest Mortgage, Inc.*,
   263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999) ............................................................. 7-8

*New York by James v. PHEAA*,
   No. 19-cv-9155 (ER), 2020 WL 2097640 (S.D.N.Y., May 1, 2020) .........................................2

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016)................................................................................................ 10-12

*O'Neill v. Standard Homeopathic Company*,
   346 F.Supp.3d 511 (S.D.N.Y. 2018)..................................................................................10, 13

*Oorah, Inc. v. Schick*,
   552 Fed.Appx. 20 (2d Cir. 2014) ..............................................................................................9

*Orellana v. Macy's Retail Holdings, Inc.*,
   No. 17-cv-5192 (NRB), 2018 WL 3368716 (S.D.N.Y., July 10, 2018)....................................7

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
   679 Fed.Appx. 33 (2d Cir. 2017) ..............................................................................................9

*Samms v. Abrams*,
   198 F.Supp.3d 311 (S.D.N.Y. 2016).......................................................................................12

*Tomasino v. Estee Lauder Companies Inc.*,
   44 F.Supp.3d 251 (E.D.N.Y. 2014) ........................................................................................11

*Travis v. Navient*,
   17-cv-4885 (RRM), 2020 WL 2523066 (E.D.N.Y., May 18, 2020) .........................................2

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
   694 F.3d 155 (2d Cir. 2012)......................................................................................................9

**Statutes**

New York Deceptive Practices Act § 349 ............................................................................ *passim*

Defendant, Navient Solutions, LLC ("NSL"), submits this Reply Brief of Law in further support of its Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

I.   **INTRODUCTION**

Plaintiff's Opposition relies heavily on distinguishable, non-binding case law from outside the Second Circuit, and on cases within this Circuit that actually support NSL's arguments. Nothing in the Opposition saves Plaintiff's claims from dismissal. There is no special relationship between NSL and the Plaintiff sufficient to state a claim for negligent misrepresentation under New York law. Nor is there any basis for the Court to conclude that NSL made any false statements on which Plaintiff reasonably relied, particularly where Plaintiff ignored parts of NSL's written and oral statements. There also is no basis for liability under § 349 of the New York Deceptive Practices Act ("§ 349") given the totality of the circumstances, including the billing statement taken as a whole and the other communications between Plaintiff and NSL. Finally, Plaintiff is not entitled to an injunction under § 349 because he is no longer an NSL customer and cannot satisfy the requirements for injunctive relief. For all these reasons and those explained in NSL's opening brief, the Court should dismiss the Complaint with prejudice.

II.   **ARGUMENT**

   A.   **Plaintiff's negligent misrepresentation claim fails.**

      1.   **There was no special relationship between Plaintiff and NSL.**

As NSL explained in its opening brief, the arms-length relationship between Plaintiff (a student loan borrower) and NSL (a student loan servicer) is not the kind of special relationship that could give rise to a negligent misrepresentation claim. (Opening Brief, pp. 8-10.) Indeed, this Court already decided this issue in prior cases involving NSL and its predecessor, Sallie Mae, Inc., holding that the relationship between a borrower and a student loan servicer does not meet the high standard necessary to support a cause of action for negligent misrepresentation. *See Hyland v.*

*Navient Corporation*, No. 18-cv-9031 (DLC), 2019 WL 2918238, *11 (S.D.N.Y., July 8, 2019) (granting motion to dismiss negligent misrepresentation claim, finding that the "general rule is that a lender does not owe tort duties to a borrower" and that, in particular, the rule applies to "both lenders and loan servicers" alike); *Genna v. Sallie Mae, Inc.*, No. 11-cv-7371 (LBS), 2012 WL 1339482, *5 (S.D.N.Y., Apr. 17, 2012) (granting motion to dismiss negligent misrepresentation claim against student loan servicer because the relationship between borrower and servicer does not "support a cause of action for negligent misrepresentation").

Plaintiff asks the Court to ignore this settled law on the basis that "numerous state law claims based on a special relationship have survived motions to dismiss against student loan servicers . . . ." (Opp'n., 23.) But it is irrelevant how other courts have handled this issue when *this* Court has spoken so plainly. Further, Plaintiff's use of the phrase "numerous state law claims" camouflages the fact that ***none*** of those "claims" were for negligent misrepresentation under New York law.

In fact, none of the New York cases Plaintiff cites support him, and one (*Hyland*) actually supports NSL. In *Travis v. Navient*, 17-cv-4885 (RRM), 2020 WL 2523066 (E.D.N.Y., May 18, 2020), the plaintiff asserted claims under § 349 and for breach of contract. *Id.* However, plaintiff did not assert a negligent misrepresentation claim, so this case is inapplicable. The same is true in *Minner v. Navient Corporation*, No. 18-cv-1086S, 2020 WL 906628 (W.D.N.Y. 2020), and *New York by James v. PHEAA*, No. 19-cv-9155 (ER), 2020 WL 2097640 (S.D.N.Y., May 1, 2020). Because none of these cases concerned a negligent misrepresentation claims under New York law, they are inapposite.

Plaintiff also cites to *Hyland,* but that case actually supports NSL. As noted, the Court in *Hyland* dismissed the plaintiff's negligent misrepresentation claim, explaining that "the general

rule is that a lender does not owe tort duties to a borrower," and noting that "[c]ourts applying New York, Florida, California and Maryland law have applied that rule to both lenders and loan servicers." *Hyland,* 2019 WL 2918238, *11 (*citing Mgrs. Hanover Trust Co. v. Yanakas*, 7 F.3d 310, 318 (2d Cir. 1993)).

The Court in *Hyland* also rejected other arguments Plaintiff advances here. Like Plaintiff, the *Hyland* plaintiffs argued that, "notwithstanding th[e] general rule," their claims were sufficient because they "alleged that Navient actively held itself out as a source of guidance and expertise with respect to student loan repayment and encouraged borrowers to rely on its advice and representations." *Id.* The Court rejected that argument and held that the plaintiffs' allegations were insufficient to support claims for breach of fiduciary duty, negligence or negligent misrepresentation. *Id.* The Court also criticized the extent to which plaintiffs based their claims "on allegations that Navient made representations on its public-facing website." *Id.*

The Court here should follow *Hyland* and dismiss Plaintiff's negligent misrepresentation claim with prejudice.

### 2. NSL made no false representations, much less any on which Plaintiff reasonably relied.

NSL made no false representations to Plaintiff, nor did Plaintiff reasonably rely on any statement of NSL to his detriment. (Opening Brief, pp. 10-13.) In its billing statements and twice over the phone, NSL repeatedly told Plaintiff that he did <u>not</u> have to pay the Fee[1] at issue, which he understood. (*Id.*) But Plaintiff chose to ignore these clear statements and paid the Fee anyway.

In his opposition, Plaintiff oddly claims that NSL "admits it falsified the amount." (Opp'n, p. 24.) It is unclear what "amount" Plaintiff is referencing. In any event, NSL "admitted" no such

---

[1] NSL will use the terms defined in its Opening Brief.

thing and did not "falsify" anything. Instead, NSL explicitly told Plaintiff in writing and over the phone that he did not have to pay the Fee. (Opening Brief, pp. 4-7, 10-11.) Plaintiff concedes NSL made these statements, but that he ignored them. (*Id.*)

Plaintiff also misconstrues the import of *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-385 (1947). *Merrill* stands for the proposition that everyone—including Plaintiff—is charged with knowledge of federal regulations, including 34 C.F.R. § 682.215(b)(1)(iii). That provision explains how Plaintiff's IBR payments are allocated. Thus, the *Merrill* doctrine undercuts Plaintiff's assertion that he did not understand how his payments would be allocated. And, in any event, NSL's billing statements specifically explained how Plaintiff's payments would be applied.

For all these reasons, NSL made no false statements, and Plaintiff cannot show he reasonably relied on any. Further, because NSL had no special relationship with Plaintiff, there is no legal basis for a negligent misrepresentation claim. The Court should dismiss it with prejudice.

### B. Plaintiff's § 349 claim for damages fails because, taken as a whole, NSL's written and oral representations to Plaintiff were not deceptive.

Plaintiff and NSL agree that, with regard to his claim for damages under § 349, the Court must take into account the "entire mosaic" of the relationship, and not just view "each tile separately." *Davis v. Hain Celestial Group, Inc.,* 297 F.Supp.3d 327, 338 (E.D.N.Y. 2018); *see also* Opp'n, p. 9. The entire mosaic here shows that NSL explained to Plaintiff—in writing and over the phone—that he was under no obligation to pay the Fee. (Opening Brief, pp. 4-7, 10-11.) By his own admission, Plaintiff ignored that guidance. He cannot now plausibly claim that NSL acted deceptively. He fails to state a cognizable § 349 claim.

#### 1. Plaintiff asks the Court to abandon the entire-mosaic approach when it suits him.

In stark contrast to the entire-mosaic approach, Plaintiff essentially argues that the Court should focus only on a single tile. Plaintiff relies on the "Total Payment Due" from NSL's billing

statements to the exclusion of all other information provided by NSL—both written and oral—that he only had to pay the "Current Amount Due," which did not include the Fee.[2] (Opp'n., p. 8-13.)

Among other things, Plaintiff cites the dictionary definition of the word "total" as support for his position that NSL's billing statements were deceptive. (Opp'n, pp. 9-10.) Plaintiff does not, however, offer a definition to shed light on the meaning of "Current Amount Due." The American Heritage Dictionary defines "current" as "belonging to the present time"; it offers the phrase "my current address" as an example. *Available at* https://ahdictionary.com/word/search.html?q=current (last visited on July 7, 2020). The phrase "Current Amount Due," read plainly, means the amount due at the present time. In fact, the "Current Amount Due" is also referred to as the "Present Amount Due" on the third page of NSL's billing statement:

> If you are on an Income-Driven Repayment (IDR) plan, your payments must be applied to Unpaid Interest first, then Unpaid Fees, then Unpaid Principal. In order to satisfy any outstanding Late Fees, you would need to make a payment equal to your Unpaid Interest plus the Unpaid Fees. This is for informational purposes only. You are not required to pay more than the present amount due to remain current during the IDR plan.

(Complaint, Ex. A, p. 3.)

Viewing the entire mosaic, there is only one harmonious reading of "Total Payment Due" and "Current (Present) Amount Due." Plaintiff was required to pay the amount *presently* due, i.e., the *Current* Amount Due. That amount was zero.

Plaintiff also ignores entire portions of the billing statement that do not fit his narrative. For example, the "Billing Period Summary" on the second page of the statement shows that

---

[2] While generally focusing on the "Total Payment Due," Plaintiff also suggests that the Court should analyze NSL's written statements separately from NSL's oral statements. (Opp'n, p. 13-16.) This is, of course, the exact opposite of the entire-mosaic approach.

Plaintiff's payment from the month prior was allocated to interest only, and not to any late fee. That same section likewise illustrates that no additional late fees were assessed:



(Complaint, Ex. A, p. 2 (emphasis added).) The next section, titled "Loan Details," shows that the Fee was unpaid and still outstanding. Importantly, however, it also shows the Fee was not due, and did not need to be paid as part of any past due amount:

(*Id.* (emphasis added).) This itemization was consistent with NSL's other written and oral statements to Plaintiff. (Opening Brief, pp. 4-7, 10-11.) Thus, taken as a whole, NSL's communications explained clearly that Plaintiff only had to pay the "Current Amount Due," which was $0.

## 2. Plaintiff's remaining arguments fail to save his § 349 claim.

Plaintiff's remaining arguments also fail to save his § 349 claim. First, some of the cases on which Plaintiff relies actually support NSL's position. He cites *Orellana v. Macy's Retail Holdings, Inc.*, No. 17-cv-5192 (NRB), 2018 WL 3368716, *1, *10 (S.D.N.Y., July 10, 2018), and *Minner*, 2020 WL 906628 at *1, for the proposition that, where oral representations conflict with a writing, a reasonable consumer may rely on the oral representations. (Opp'n., p. 13.). In both matters, the plaintiffs pursued § 349 claims arguing that they were allegedly misled by oral statements, which conflicted with separate written statements. *Id*. In both cases, the Court held that a reasonable consumer would have relied upon the *oral* statements, even where those statements differed from the writings. *Id*. In this case, not only were NSL's oral and written communications consistent, but Plaintiff asks the Court to come to the exact opposite conclusion of the cases he cites—that a reasonable consumer would have *ignored* the oral representations.

Plaintiff also cites to NSL's website, and in particular, a short blurb on the importance of making timely payments to avoid a late fee. From this general statement, he argues he was right to ignore NSL's numerous communications that nothing was owed out of fear that, if he did not pay the Fee, he would incur additional late fees. (Opp'n., p. 10.) The Complaint notably makes no mention of this theory nor even this part of NSL's website, nor is there any other indication that Plaintiff relied on anything from the website. Regardless, a general statement on NSL's website about the importance of making timely payments does nothing to support Plaintiff's claim, particularly in light of the specific communications he received.

Plaintiff's reliance on *Cohen v. J.P. Morgan Chase & Co.,* 498 F.3d 111, 127 (2d Cir. 2007) and *Negrin v. Norwest Mortgage, Inc*., 263 A.D.2d 39, 50, 700 N.Y.S.2d 184, 193 (2d Dep't 1999), is similarly misplaced. He argues that a consumer may "assume that 'all fees charged by a respected financial intuition . . . [are] legal,' even when the institution discloses that illegally

imposed fee to the consumer." (Opp'n, p. 9.) Plaintiff also contends that "[a]llegations of a bank's unilateral imposition of illegal and/or unwarranted fees upon its customers state a valid claim under § 349." (*Id.*) Both *Cohen* and *Negrin* are distinguishable for the same reason—there was nothing illegal about the Fee. As Plaintiff alleges, the Fee was charged because Plaintiff missed a payment. (Compl., ¶¶ 150-151.) He did not pay the Fee before he enrolled in an IBR plan and, while in IBR, he did not have to pay it, as NSL expressly told him. Because the Fee was not "illegal" or "unwarranted," both *Cohen* and *Negrin* are distinguishable.

Lastly, Plaintiff claims that NSL has "conceded" that he did not have to pay the "Total Amount Due," which he offers as some sort of "fatal" admission. (Opp'n, p. 9.) Plaintiff is correct that he did not have to pay the "Total Amount Due" while enrolled in IBR (a proposition that NSL has never contested). But that fact actually supports NSL's argument that Plaintiff was only required to pay the "Current Amount Due," as NSL told him numerous times.

Because none of these arguments save his § 349 claim, the Court should dismiss it with prejudice.

### C. Plaintiff is not entitled to an injunction.

#### 1. Federal pleading standards apply to Plaintiff's injunction claim.

The Court should also dismiss Plaintiff's claim for an injunction. In federal court, injunctive relief requires a showing of four elements: "(1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Contrary to Plaintiff's contentions, it makes no difference whether the substantive claims arise under state or federal law. (Opp'n, p. 19.)

Indeed, this Court has specifically applied the *eBay* factors to a claim seeking an injunction under § 349. *See Koch v. Greenberg*, 14 F.Supp.3d 247, 283 (S.D.N.Y. 2014) ("While the GBL [§ 349] provides a statutory basis for [a plaintiff to seek an injunction], this statutory right of action does not vitiate the need to satisfy the factors outlined in *eBay*.") And *Koch* has been cited with approval nearly 200 times, according to WestLaw.

Likewise, the Second Circuit has applied the *eBay* factors to injunction requests arising under state law. *See, e.g., Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, 679 Fed.Appx. 33, 35-36 (2d Cir. 2017) (applying *eBay* factors in case involving state law claims for unfair competition, disparagement and defamation, along with related federal claims); *Oorah, Inc. v. Schick*, 552 Fed.Appx. 20, 23 (2d Cir. 2014) (applying *eBay* factors and affirming denial of injunctive relief in a breach of contract case); *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160-161 (2d Cir. 2012) (applying *eBay* factors and affirming denial of injunctive relief in a breach of contract case). The Second Circuit, unlike this Court, has not yet published a decision expressly applying the *eBay* factors to a claim under § 349. But given the application of *eBay* to all federal courts, the Second Circuit's repeated application of *eBay* to state law claims, and this Court's prior application of *eBay* to § 349 claims, the same result should follow here.

> **2.     Nothing about § 349 allows Plaintiff to receive an injunction without showing that he is at risk of future injury.**

Plaintiff is not entitled to an injunction simply because he asserts a § 349 claim. Instead, he must demonstrate the pressing need for one.

As an initial matter, there is no dispute that § 349 empowers New York consumers with a real or immediate threat of injury to sue for an injunction. Plaintiff does not qualify. As he alleges, his Loans were discharged more than a year ago, and he no longer receives any billing statements

from NSL. (Compl., ¶¶ 204-205.) Thus, even if NSL's statements were deceptive (which NSL denies), Plaintiff has not received one in more than a year, and will not receive one in the future. Simply stated, he is not at risk of any future injury. This fact is dispositive and requires the dismissal of Plaintiff's injunction claim.

Further, plaintiffs asserting § 349 claims lack "standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *O'Neill v. Standard Homeopathic Company*, 346 F.Supp.3d 511, 526 (S.D.N.Y. 2018) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id*. Based on Plaintiff's own allegations, he is not at risk of any future injury.

Plaintiff tellingly ignores *O'Neill* and *Nicosia* in his Opposition. He instead argues that he does *not* need to show a "possibility of future injury" to obtain an injunction (Opp'n, p. 18). He relies exclusively on out-of-jurisdiction cases, including two disfavored cases from the Eastern District of New York—*Ackerman v. Coca–Cola Co.*, No. 09-cv-395, 2013 WL 7044866, at *15 n 23 (E.D.N.Y. July 18, 2013) and *Belfiore v. Procter & Gamble Co.*, 94 F.Supp.3d 440, 445 (E.D.N.Y. 2015). Both of these cases have since been explicitly repudiated by the Eastern District of New York and this Court. In *Davis v. Hain Celestial Group, Inc.,* 297 F.Supp.3d 327 (E.D.N.Y. 2018), the Eastern District of New York criticized both *Ackerman* and *Belfiore* based on the Second Circuit's decision in *Nicosia*, stating:

> Although some district courts have allowed claims for injunctive relief to proceed in similar circumstances, *see*, *e.g.*, *Belfiore* [and] *Ackerman* . . . ., these cases are inconsistent with Article III and with Supreme Court and Second Circuit case law.

*Id.* at 338. The court dismissed the plaintiff's injunction claim under § 349, finding that "[t]o the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way. He therefore lacks standing to seek an injunction." *Id.*, 339.[3]

This Court has likewise explicitly rejected the argument that a plaintiff seeking an injunction under § 349 need not demonstrate the risk of a future injury. *See, e.g.*, *Buonasera v. Honest Co.*, 208 F.Supp.3d 555, 564–65 & n.3 (S.D.N.Y. 2016) (dismissing injunction claim under § 349 on motion to dismiss and explaining that "the Court declines to follow the reasoning in *Ackerman* as Second Circuit precedent dictates otherwise."); *Albert v. Blue Diamond Growers*, 151 F.Supp.3d 412, 418 (S.D.N.Y. 2015) ("Although *Ackerman* and other cases from the Eastern District of New York may suggest that future injury is not required in the consumer protection context, this Court declines to follow these cases because binding Supreme Court and Second Circuit precedent dictates otherwise. For a plaintiff to have individual standing to seek injunctive relief, he or she must demonstrate a likelihood of future injury.").

Plaintiff also argues that he should be relieved of his obligation to plead "irreparable injury to enjoin deceptive conduct." (Opp'n, pp. 18-19.) Once again, Plaintiff relies on a case that has been widely repudiated. He cites *Barkley v. United Homes, LLC*, 848 F.Supp.2d 248 (E.D.N.Y. 2012), for the proposition that "to obtain an injunction under GBL § 349, plaintiff need only show

---

[3] Even before *Nicosia*, other cases from the Eastern District of New York similarly rejected the reasoning of *Belfiore* and *Ackerman*. For example, in *Tomasino v. Estee Lauder Companies Inc.*, 44 F.Supp.3d 251, 255-256 (E.D.N.Y. 2014), the court dismissed a claim for injunctive relief under § 349 on a motion to dismiss. The plaintiff alleged that she was duped into buying certain of the defendants' cosmetic products by a litany of false misrepresentations. *Id.*, 254-256. She further "suggest[ed] that she remains a potential . . . customer and [was] likely to be misled again . . . ." *Id.*, 256. The Court nevertheless found that the plaintiff failed to allege "sufficient future injury to establish standing to assert her claims for injunctive relief because she had demonstrated that she is, in fact, unlikely to purchase [the] products again." *Id.* It made no difference that other, prospective consumers might purchase the products based on the same alleged misrepresentations. *Id.* The same result should follow here. Plaintiff does not even *suggest* that he will be subject to any future injury, nor could he, because he is no longer a NSL customer.

that the defendant violated the statute." (Opp'n, pp. 18-19.) This Court has already analyzed *Barkley* in depth, and has rejected it as paving the way to "absurd results":

> *Barkley* is not binding on this Court, and, with respect, this Court, like another court in this District, must disagree with it. To begin with, *Barkley* inappropriately relies on Second Circuit cases involving public authorities as plaintiffs for the significantly more general proposition that plaintiffs of any kind, including private plaintiffs, can win permanent injunctions when statutory conditions are satisfied. Moreover, even if the Court were to apply *Burd's* rule that "[w]here an injunction is authorized by statute it is enough if the statutory conditions are satisfied," here there are no statutory conditions to be satisfied: GBL § 349(h) merely authorizes injunctions for private plaintiffs and does not predicate the issuance of injunctions on any specific conditions. *Barkley* seems to consider the elements of proving a violation of GBL § 349 to be the "statutory conditions" necessary for an injunction to issue. However, as pointed out in *Koch*, if the statutory conditions were simply the elements of a GBL § 349 claim, the "**absurd result**" would be that permanent injunctions would be available, as a matter of course, to any plaintiff with a successful GBL § 349 claim. In sum, there is no basis for exempting private § 349 plaintiffs from the *eBay* test, and it must be applied here.

*Samms v. Abrams*, 198 F.Supp.3d 311, 316 (S.D.N.Y. 2016) (citations omitted) (emphasis added).

In short, the weight of authority is clear—the absence of any risk of future injury defeats Plaintiff's injunction claim. Indeed, although Plaintiff does not plead any of the *eBay* factors (as required), he could not meet any of them even if he had. Plaintiff cannot show, for example, how he could suffer an irreparable injury without an injunction, or how he lacks an adequate remedy at law, given that he no longer receives billing statements from NSL. *eBay,* 547 U.S. at 391.

### 3.     Plaintiff's injunction claim is ripe for dismissal.

Finally, Plaintiff suggests that it is premature to dismiss his injunction claim. (Opp'n., pp. 17-18.) But numerous courts in this Circuit have dismissed injunction claims under § 349 on a motion to dismiss, and this Court should reach the same result here. *See*, *e.g.*, *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (affirming decision to grant motion to dismiss plaintiff's injunction claim under § 349); *Mancuso v. RFA Brands, LLC*, No. 18-cv-6807L, 2020 WL 1846982, *5-6 (W.D.N.Y., Apr. 13, 2020) (dismissing injunction claim under § 349 on a

motion to dismiss); *O'Neill v. Standard Homeopathic Company*, 346 F.Supp.3d 511, 526 (S.D.N.Y. 2018) (same); *Colella v. Atkins Nutritionals, Inc.*, 348 F.Supp.3d 120, 144-145 (E.D.N.Y. 2018) (same); *Kommer v. Bayer Consumer Health*, 252 F.Supp.3d 304, 310 (S.D.N.Y. 2017) (same).

Plaintiff notably cites no authority for his proposition that "[a]t this pre-factfinding stage, addressing the appropriateness of an injunction is premature." (Opp'n, p. 17.) Instead, Plaintiff attempts to characterize his claim for injunctive relief as merely "a remedy to" his separate claim for damages under § 349, which he claims must be adjudicated first. (*Id*.) Plaintiff relies on *Koch* for this argument. But his reliance is misplaced. *Koch* actually supports NSL. The *Koch* court held that plaintiffs must satisfy the *eBay* factors to obtain an injunction. *Koch,* 14 F.Supp.3d at 283.

Further, nothing in *Koch* supports Plaintiff's argument that an injunction claim under § 349 must be litigated through trial before a court could dismiss it. Again, courts in the Second Circuit routinely dismiss injunction claims on motions to dismiss. The Court may—and should—dismiss a plaintiff's claim as soon as it is demonstrated to be meritless, which is now.

Plaintiff also suggests that his injunction claim is "akin to a request for relief under the Declaratory Judgment Act," which Plaintiff argues shields it from dismissal now. (Opp'n, pp. 17-18.) There are several problems with this argument. First, Plaintiff did not plead a claim under the Declaratory Judgment Act ("DJA"). He is seeking an injunction, not a declaratory judgment. The DJA is therefore irrelevant. Moreover, the law in this Circuit does not support Plaintiff's position. Even assuming Plaintiff's injunction claim was akin to a claim for a declaratory judgment (and it is not), courts in the Second Circuit can and do dismiss claims under the DJA on Rule 12(b)(6) motions when, as here, it is appropriate to do so as a matter of law. *See, e.g., Carr v. DeVos,* 369 F.Supp.3d 554, 565 (S.D.N.Y. 2019) (granting motion to dismiss DJA claim where there was "an

absence of a right of action" and "a failure to plead adequately"); *M.V.B. Collision, Inc. v. Allstate Ins. Co.,* No. 07-cv-0187 (JFB) (JO), 2007 WL 2288046, *9, (E.D.N.Y., Aug. 8, 2007) (granting motion to dismiss DJA claim while allowing separate § 349 claim to proceed).

In short, Plaintiff cites no authority that would preclude the Court from dismissing his injunction claim now. Because Plaintiff fails to state a claim for an injunction, the Court should dismiss this claim with prejudice.

### III.   CONCLUSION

For all these reasons, and those in NSL's opening brief, NSL respectfully requests that the Court grant its motion and dismiss the Complaint with prejudice.

Respectfully submitted,

 */s/ Lijue T. Philip, LP0326*
Eric M. Hurwitz
Lijue T. Philip
STRADLEY RONON STEVENS & YOUNG, LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP
100 Park Avenue, Suite 2000
New York, NY 10017
T: (212) 812-4124
F: (646) 682-7180
E: ehurwitz@stradley.com; lphilip@stradley.com

*Attorneys for Defendant, Navient Solutions, LLC*

DATED:  July 7, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miguel Rivera,<br><br>      Plaintiff,<br><br>  v.<br><br>Navient Solutions, LLC,<br><br>      Defendants. | No. 1:20-cv-01284<br><br>Hon. Lewis J. Liman |

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on the date set forth below service of a copy of the foregoing document was made electronically upon all counsel of record via CM/ECF.


             */s/ Lijue T. Philip, LP0326*
             Lijue T. Philip


DATED: July 7, 2020

4597118