# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MIGUEL RIVERA,

Plaintiff,

v.　　　　　　　　　　　　　　Case No.: 1:20-cv-01284-LJL-DCF

NAVIENT SOLUTIONS, LLC,

Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT, NAVIENT SOLUTIONS, LLC

Defendant, Navient Solutions LLC ("NSL") submits this answer and affirmative defenses to the Complaint of Plaintiff, Miguel Rivera.

## AS TO "PRELIMINARY STATEMENT"

1.　　　NSL admits only that it previously serviced certain of Plaintiff's federal student loans. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

2.　　　Denied that NSL is the current servicer of Plaintiff's federal student loans. Rather, NSL previously serviced certain of Plaintiff's federal student loans, and as part of its servicing obligations, NSL sent monthly billing statements to Plaintiff.

3.　　　NSL denies that it misrepresented anything to Plaintiff and denies he suffered any harm as a result of NSL's conduct. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

4.　　　NSL admits only that there was a late fee associated with Plaintiff's student loan account, and that Plaintiff eventually was approved for an Income-Based Repayment (IBR) Plan. All remaining allegations of this paragraph are denied.

5.    Denied.

6.    Denied.

7.    NSL admits only that it received payments on Plaintiff's loans. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph concerning Plaintiff's personal circumstances, and therefore they are denied. All remaining allegations of this paragraph are denied.

8.    Denied.

9.    The allegations of this paragraph are conclusions of law that purport to summarize the relief Plaintiff seeks, to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

## AS TO "PARTIES"

10.    NSL admits only that Plaintiff is a natural person. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

11.    Denied that NSL is the current servicer of Plaintiff's federal student loans. NSL admits only that it was the servicer of certain of Plaintiff's federal loans and that it is a Delaware limited liability company with a principal place of business in Herndon, Virginia. All remaining allegations of this paragraph are denied.

## AS TO "JURISDICTION AND VENUE"

12.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: NSL does not contest the jurisdiction of this Court.

13.     NSL admits only that Navient Corporation is the sole member of NSL. Further responding, the allegations of this paragraph purport to characterize a filing in a different proceeding that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

14.     Admitted.

15.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Admitted only that NSL services student loans for borrowers located in the State of New York. All remaining allegations of this paragraph are denied.

16.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Admitted only that NSL serviced Plaintiff's subject student loans while, upon information and belief, he resided in New York. All remaining allegations of this paragraph are denied.

## AS TO "STATUTORY AND DEMOGRAPHIC CONTEXT"

### As to "Federally Insured Student Loans"

17.     The allegations of this paragraph purport to characterize federal statutes that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

18.     The allegations of this paragraph purport to characterize federal statutes that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

19.     The allegations of this paragraph purport to characterize federal statutes that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required. To

the extent these allegations are deemed factual, NSL responds as follows: Admitted only that NSL previously serviced Plaintiff's student loans issued under the Federal Family Education Loan Program ("FFELP"), which were ultimately guaranteed by the federal government.

**As to "Deferments, Forbearances and Income Based Repayment"**

20.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

21.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

22.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

23.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

24.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their

terms. The allegations of this paragraph are also conclusions of law to which no response is required.

25.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

26.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

27.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

28.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

29.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

30.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

31.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

32.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

### As to "IBR ELIGIBILITY "

33.     The allegations of this paragraph purport to characterize a federal statute and regulation that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

34.     The allegations of this paragraph purport to characterize a federal statute and regulation that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

35.     The allegations of this paragraph purport to characterize a federal statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

36.     The allegations of this paragraph purport to characterize a federal statute and regulation that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

37.     The allegations of this paragraph purport to characterize a federal regulation that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

38.     The allegations of this paragraph purport to characterize a federal regulation that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

39.     The allegations of this paragraph purport to characterize a federal regulation that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

40.     The allegations of this paragraph purport to characterize a federal regulation that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

41.     The allegations of this paragraph purport to characterize federal statutes and regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

42.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

43.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

44.     The allegations of this paragraph purport to characterize a federal statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

45.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

46.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

47.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

**As to "Defendant Navient's Substantial FFEL IBR Portfolio"**

48.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

49.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

50.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

51.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

52.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

53.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

54.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

55.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

56.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

57.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

58.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

59.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. Further responding, NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

### As to "Late Fees"

60.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

61.     The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

62.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

63.     Denied as to NSL. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

64.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

65.     The allegations of this paragraph purport to characterize a writing, which speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

### As to "The Payment Allocation Methodology for IBR"

66.     The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

67. The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

68. The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

69. The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

70. The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

71. The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

72. The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

73. The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

74.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

75.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

76.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

77.     The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

78.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

79.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

80.     The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

**As to "Navient's Monthly Billing Statement"**

81.     NSL admits that the billing statement attached to the Complaint as Exhibit A is three pages. Further responding, the allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

82.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

83.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

84.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

85.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

**As to "Navient's Billing Statements Affirmatively
Misrepresent the "Total Payment Due" to Many FFEL Recipients on IBR"**

86.     Denied.

87.     The allegations of this paragraph purport to characterize a writing and a federal statute, which speaks for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

88.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

89.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

90.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

91.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

### As to "Navient Was Aware That Its Monthly Statement Affirmatively Mischaracterized The Amount Due To FFEL Borrowers In IBR Who Owed Late Fees"

92.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

93.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

94.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

95.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

96.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

97.     Denied.

98.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

99.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent

these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

100. The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

101. The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

102. The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

103. The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied that the billing statements at issue were misleading or deceptive.

104. NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

105. Denied.

106. The allegations of this paragraph are vague, confusing and unintelligible. Therefore, they are denied.

107.     Denied.

108.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

109.     Denied.

110.     Denied.

111.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

112.     Denied.

113.     The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

114.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

115.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

116.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

117.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

118.    The allegations of this paragraph purport to characterize a federal regulation that speak for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

119.    This paragraph does not include any facts requiring a response. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

120.    Denied.

121.    Denied.

122.    Denied.

**As to "The New York Consumer Protection Law"**

123.    The allegations of this paragraph purport to characterize a statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

124.    The allegations of this paragraph purport to characterize a statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

125.    The allegations of this paragraph purport to characterize a statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

126.    The allegations of this paragraph purport to characterize a statute that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. The allegations of this paragraph are also conclusions of law to which no response is required.

## AS TO "STATEMENT OF FACTS"

127.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied

128.	NSL admits only that Plaintiff entered into Stafford Loans to attend the University of Connecticut.  NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

129.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

130.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

131.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

132.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

133.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

134.	NSL denies, to the extent alleged, that "Sallie Mae" was the lender with regard to the loans described in this paragraph.  Rather, SLM Education Loan Corp. was the lender.  NSL admits the remaining allegations of this paragraph.

135.	NSL admits only that it previously serviced Plaintiff's federal Consolidation loans. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

136.	NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

137. NSL admits only that Plaintiff entered into a repayment plan in January 2011. The remaining allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The remaining allegations of this paragraph are also conclusions of law to which no response is required.

138. Admitted.

139. NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

140. NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

141. NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

142. NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning Plaintiff's residence, and therefore they are denied. The remaining allegations of this paragraph are admitted.

143. Admitted.

144. NSL admits that, in August 2013, Plaintiff's deferment ended and he began repaying the subject loans. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

145. Admitted.

146. NSL admits that Plaintiff owed and paid the late fees described in this paragraph. The remaining allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

147.     The allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: NSL admits that Plaintiff owed and paid the late fees described in this paragraph.

148.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

149.     NSL admits only that Plaintiff enrolled in an IBR plan in December 2014 with an initial monthly payment of $389.83. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

150.     NSL admits only that Plaintiff did not timely tender his April 2015 monthly payment. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

151.     Admitted.

152.     Denied.

153.     Denied.

154.     NSL denies that Plaintiff called Navient in "mid-May 2015." NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

155.     NSL denies that Plaintiff called Navient in "mid-May 2015." NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

156.    The allegations of this paragraph are vague, confusing and unintelligible. Therefore, they are denied.

157.    NSL admits only that the monthly payment on the subject student loans was recalculated in response to Plaintiff's application for Income-Based Repayment. The remaining allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

158.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

159.    The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

160.    NSL admits only that, on July 27, 2015, Plaintiff submitted a payment of $75.70. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied. The allegations of this paragraph are also conclusions of law to which no response is required.

161.    NSL admits only that, on July 27, 2015, Plaintiff submitted a payment of $75.70. The remaining allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

162.    NSL admits only that the late fee at issue was not paid off. The remaining allegations of this paragraph purport to characterize writings that speaks for themselves, and NSL denies any allegations or characterizations inconsistent with their terms.

163.    To the extent alleged in this paragraph, NSL admits only that Plaintiff made monthly payments totaling $75.70 each month between August 2015 and March 2016. NSL lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

164.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

165.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

166.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

167.    To the extent alleged in this paragraph, NSL admits only that Plaintiff made monthly payments totaling $75.70 each month between August 2015 and October 2015. NSL denies that it made any misrepresentations to Plaintiff regarding the amounts due. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

168.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

169.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

170.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

171.    NSL admits only that, on or about March 24, 2016, Plaintiff completed an Electronic Income Driven Repayment Application. The remaining allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

172.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

173.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

174.     Denied as stated. Plaintiff was told that he did not have to pay the $23.39 late fee but rather that his minimum payment was $0.00. The remaining allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

175.     Denied that NSL provided any misleading or inaccurate information. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

176.     To the extent alleged in this paragraph, NSL admits only that Plaintiff made a payment of $23.39 in April 2016. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

177.     NSL admits only that the $23.39 payment described in this paragraph was allocated to interest. The remaining allegations of this paragraph purport to characterize federal regulations that speak for themselves, and NSL denies any allegations or characterizations inconsistent with their terms. The allegations of this paragraph are also conclusions of law to which no response is required.

178.     To the extent alleged in this paragraph, NSL admits only that Plaintiff made a payment of $23.39 in May 2016. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

179.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.  Further responding, the allegations in this paragraph purport to characterize a federal regulation that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms. These allegations are also conclusions of law to which no response is required.

180.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

181.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

182.     The allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

183.     NSL admits only that, in January 2017, Plaintiff completed an Income-Driven Payment Plan Request. The remaining allegations of this paragraph purport to characterize a writing that speaks for itself, and NSL denies any allegations or characterizations inconsistent with its terms.

184.     Denied as stated. Plaintiff was told that he did not have to pay the $23.39 late fee but rather that his minimum payment was $0.00.

185.     Denied that NSL provided any misleading or inaccurate information. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

186.     Denied as stated. Rather, Plaintiff tendered monthly payments of $23.39 from January 14, 2017 until June 22, 2019.

187.     NSL admits only that the $23.39 payments described in this paragraph were allocated to interest. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

188.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

189.     Denied.

190.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

191.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

192.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

193.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

194.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

195.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

196.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

197.     NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

198.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

199.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

200.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

201.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

202.    Denied that NSL made any false or misleading statements to Plaintiff. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

203.    Denied.

204.    NSL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore they are denied.

205.    Admitted.

206.    NSL admits only that the outstanding principal and interest on the subject loans was paid off.  NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

207.    Admitted.

## AS TO "CLAIMS FOR RELIEF"

### As to "First Cause of Action
### Injunctive Relief Under New York's Consumer Protection law"

208.    NSL reasserts and realleges paragraphs 1 to 207 as if fully incorporated herein.

209-226. This cause of action was dismissed by the Court, with prejudice, on August 19, 2020 and, thus, no response to these paragraphs is required.

### As to "Second Cause of Action
### Statutory and Actual Damages Under New York's Consumer Protection Law"

227.     NSL reasserts and realleges paragraphs 1 to 226 as if fully incorporated herein.

228.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied that NSL violated GBL § 349.

229.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied.

230.     Denied that NSL made any misrepresentations or that NSL violated GBL § 349, or that Plaintiff is entitled to any emotional distress damages.

231.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent these allegations are deemed factual, NSL responds as follows: Denied that NSL made any misrepresentations or that NSL violated GBL § 349. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

232.     Denied that NSL made any misrepresentations or that NSL violated GBL § 349. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

233.     Denied that NSL made any misrepresentations or that NSL violated GBL § 349, or that Plaintiff is entitled to any emotional distress damages. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

234. Denied that NSL made any misrepresentations or that NSL violated GBL § 349, or that Plaintiff is entitled to any emotional distress damages. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

235. Denied that NSL made any misrepresentations or that NSL violated GBL § 349, or that Plaintiff is entitled to any emotional distress damages. NSL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are denied.

### As to "Third Cause of Action Negligent Misrepresentation"

236. Defendant reasserts and realleges paragraphs 1 to 235 as if fully incorporated herein.

237-248. This cause of action was dismissed by the Court, with prejudice, on August 19, 2020 and, thus, no response to these paragraphs is required.

WHEREFORE, Defendant, Navient Solutions, LLC, respectfully requests judgment in its favor and against Plaintiff, Miguel Rivera, together with an award of such other and further relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES

NSL asserts the following affirmative defenses to Plaintiff's Complaint. NSL reserves the right to supplement this Answer and to plead additional Affirmative Defenses if and when additional facts become known.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Defense

Plaintiff's Complaint is barred to the extent that NSL acted in accordance with applicable rules and regulations pursuant to GBL § 349(d).

## Third Defense

Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

## Fourth Defense

NSL maintains a complete defense based upon documentary evidence.

## Fifth Defense

Plaintiff's recovery is barred by his own culpable action or inaction.

## Sixth Defense

Plaintiff's claim is barred in whole or in part because of waiver, ratification, agreement, acquiescence, or consent to the alleged conduct of NSL.

## Seventh Defense

Plaintiff's claim is barred in whole or in part by the doctrines of laches and/or estoppel.

## Eighth Defense

Plaintiff failed to mitigate his alleged damages, if any.

## Ninth Defense

NSL acted reasonably and in good faith at all times relevant to the claims asserted in the Complaint.

## Tenth Defense

Plaintiff has failed to allege any fact that would support a claim for actual damages.

### Eleventh Defense

NSL did not engage in any materially misleading or materially deceptive conduct.

### Twelfth Defense

Plaintiff did not suffer any injury as a result of any action or inaction by NSL.

### Thirteenth Defense

NSL did not commit any intentional, willful, or malicious acts.

WHEREFORE, Defendant, Navient Solutions, LLC, respectfully requests judgment in its favor and against Plaintiff, Miguel Rivera, together with an award of such other and further relief as this Court deems appropriate.

By:

  */s/ Lijue T. Philip, LP0326*

Eric M. Hurwitz
Lijue T. Philip
STRADLEY RONON STEVENS & YOUNG, LLP
100 Park Avenue, Suite 2000
New York, New York 10017
T: (212) 812-4124
F: (646) 282-7180
E: ehurwitz@stradley.com; lphilip@stradley.com

*Attorneys for Defendant, Navient Solutions, LLC*

Dated: September 2, 2020

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below service of a copy of the foregoing document was made electronically upon all counsel of record via CM/ECF.

s/ *Lijue T. Philip, LP0326*
Lijue T. Philip

Dated: September 2, 2020